## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

FREDERICK P. DAVIS,               )
                                  )
              Plaintiff,          )
                                  )
       v.                         )          No. 4:16-CV-229 CAS
                                  )
SANDRA BOYLAN, et al.,            )
                                  )
              Defendants.         )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $47.00, which is twenty percent of plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff alleges that defendant John Jomp, a correctional officer, delivered inmate mail to the wrong inmates.  Plaintiff says he complained about it, and that Jomp began harassing him. Plaintiff filed several grievances about Jomp's behavior, and he says they were ignored.

Plaintiff alleges that later, Jomp was conducting a cell count.  When he got to plaintiff's cell, there was a hand towel hanging on the cell door.  Jomp said he did not want the towel there, and plaintiff's cell mate claimed to have placed it on the door.  Regardless, Jomp wrote plaintiff a conduct violation for having the towel hanging on the door.  Plaintiff says it was common practice to hang cloth towels on the cell doors and he was the only one ever written up for it.

Plaintiff filed several grievances alleging that the conduct violation was retaliatory.  He says he was ignored.  Plaintiff claims that every one of the other fourteen defendants engaged in a conspiracy to cover Jomp's retaliation.  He says that defendants subsequently transferred him to a different housing unit for filing the grievances.  Plaintiff describes in great detail the many conversations he had with defendants in which he told them that his rights were being violated.

## Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff give a "short and plain statement" of the facts giving rise to relief.

The complaint, which is sixty-six pages long and contains eighty-one pages of exhibits, is far too long.  Plaintiff tediously repeats his allegations against Jomp throughout the complaint, many of which are wholly conclusory.  Because the complaint is overly long and repetitive, it does not comply with Rule 8(a), and it is dismissible as a result.  *See Micklus v. Greer*, 705 F.2d

314, 317 n.3 (8th Cir. 1983) ("if the plaintiff has 'persisted' in violating the rule, the district court is justified in dismissing with prejudice.").

Before dismissing this case, the Court will allow plaintiff to file an amended complaint. The amended complaint must contain a *short and plain* statement of the *facts* giving rise to relief. The complaint should not contain legal arguments or legal conclusions. Nor should it contain repetitive allegations with regard to a particular incident. And plaintiff does not need to recite arguments he had with defendants in which he accused them of violating his rights.

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege facts to show how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of Forty-Seven Dollars ($47.00) by **March 28, 2016**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint no later than **March 28, 2016**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply fully and timely with this Order, the Court will dismiss this action without further proceedings.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of February 2016.