# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-229 CAS |
| SANDRA BOYLAN, et al., | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's second amended complaint. The Court previously ordered plaintiff to file an amended complaint because his complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure in that it was repetitive and verbose. *See* Memorandum and Order of February 26, 2016 (Doc. 6). The second amended complaint suffers from the same defects and is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff give a "short and plain statement" of the facts giving rise to relief. Rule 8(d) requires that pleadings be "simple, concise, and direct."

### The Complaint

Plaintiff alleges that defendant John Jomp, a correctional officer, delivered inmate mail to the wrong inmates. Plaintiff says he complained about it, and that Jomp began harassing him.

Plaintiff filed several grievances about Jomp's behavior, and he says the grievances were ignored.

Plaintiff alleges that later, Jomp was conducting a cell count. When he got to plaintiff's cell, there was a hand towel hanging on the cell door. Jomp said he did not want the towel there, and plaintiff's cell mate claimed to have placed it on the door. Regardless, Jomp wrote plaintiff a conduct violation for having the towel hanging on the door. Plaintiff says it was common practice to hang cloth towels on the cell doors and he was the only one ever written up for it.

Plaintiff filed several grievances alleging that the conduct violation was retaliatory. He says he was ignored. Plaintiff claims that every one of the other fourteen defendants engaged in a conspiracy to cover up Jomp's retaliation. He says that defendants subsequently transferred him to a different housing unit for filing the grievances. Plaintiff describes in great detail the many conversations he had with defendants in which he told them that his rights were being violated.

Plaintiff says he asked the law librarians to make a photocopy of the towel so that he could send it to the Court. They refused. He told them they were violating his rights, and he told several other officials that they were violating his rights.

## Discussion

In its previous Order, the Court explained to plaintiff that his complaint contained too much extraneous information. The Court instructed plaintiff to provide a *short and plain* statement of the *facts* giving rise to relief. The Court further instructed plaintiff not to plead legal conclusions or repetitive facts with respect to a single incident. And the Court told plaintiff not to recite arguments he had with defendants in which he accused them of violating his rights.

Plaintiff did not follow the Court's instructions. The second amended complaint is rambling and repetitive. Much of the complaint is dedicated to unimportant and drawn out allegations regarding the towel and everyone plaintiff talked to about the towel. Plaintiff has again included recitations of arguments he had with the defendants where he accused them of violating his rights. A large portion of the allegations are simply irrelevant to plaintiff's claims, and many of the allegations are conclusory.

Defendants cannot reasonably be expected to answer the rambling, irrelevant, and conclusory allegations in the complaint. As a result, this action is dismissed without prejudice for failing to comply with a court order. *See Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) ("A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 10]

An Order of Dismissal will be filed separately.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of April, 2016.