UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FREDERICK P. DAVIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:16-CV-229 CAS |
| JOHN JOMP, et al., | ) |  |
| Defendants, | ) |  |

**MEMORANDUM AND ORDER**

This pro se prisoner matter under 42 U.S.C. § 1983 and state law is before the Court on a motion to dismiss plaintiff's Second Amended Complaint filed by remaining defendants Ellerbeck, Hinkle, Lucas, and Steele, which was later adopted by defendant Stadt, and a motion to dismiss filed by defendant Jomp. The motions to dismiss are filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motions to dismiss and they are fully briefed.[1] The motions will be denied.

I. Motions to Dismiss for Failure to State a Claim

It is unnecessary to discuss the motions at length. After the Court dismissed plaintiff's Second Amended Complaint (the "complaint") under 28 U.S.C. § 1915(e), plaintiff appealed.

---

[1] After defendant Jomp's motion to dismiss was fully briefed, plaintiff filed a document titled "Surreply" (Doc. 88) without leave of Court. This Court's Local Rule 4.01 permits the filing of a motion, a response to a motion, and a reply in support of a motion. See E.D. Mo. L.R. 4.01(A)-(C). The Rule states, "Additional memoranda may be filed by either party only with leave of Court." E.D. Mo. L.R. 4.01(C). Leave to file additional briefing beyond the standard motion, response and reply <u>is not routinely granted, and is typically permitted only where a moving party has raised a new issue or argument in its reply memorandum</u>. A party that wishes to file additional briefing after a reply must file a motion for leave of Court to do so, must explain in the motion for leave why additional briefing is necessary, and must submit the proposed additional briefing along with the motion for leave. Here, the Court will strike plaintiff's surresponse (incorrectly titled "Surreply") from the record for filing error, as plaintiff did not obtain leave of Court for its filing.

The Court of Appeals for the Eighth Circuit reversed in part and remanded some of plaintiff's claims back to this Court, holding:

> Davis did successfully state a claim that, in retaliation for his complaints and grievances: (1) Jomp issued a conduct violation report . . . ; (2) Ellerbeck, Hinkle, Jomp, Lucas, and Stadt transferred him to a cell in unit 1 housing with conditions that threatened his health . . . ; and (3) Steele threatened to limit his access to the grievance process.

Davis v. Boylan, No. 16-2604, __ F. App'x __, 2016 WL 6595969 at *1 (8th Cir. Nov. 8, 2016). The Eighth Circuit also reinstated plaintiff's "state-law defamation claim against Jomp." Id.

Defendants now move to dismiss those claims for failure to state a claim upon which relief can be granted, on various grounds. "[T]he law of the case doctrine provides that once an appellate court has decided an issue in a case, the district court cannot revisit that determination on remand." West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc., 845 F.3d 384, 391 (8th Cir. 2016). The Eighth Circuit did not merely hold that the surviving allegations of plaintiff's complaint are not frivolous, but rather that they "successfully state a claim." Davis, 2016 WL 6595969 at *1; cf. Nietzke v. Williams, 490 U.S. 319, 328-29 (1989) (explaining the distinction between the standards of frivolousness under 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.). Therefore, the Court does not have the authority to dismiss the complaint for failure to state a claim upon which relief can be granted. Moreover, the Court notes that none of the arguments advanced by defendants have legal merit. Defendants must answer the retaliation claims that the Eighth Circuit has held "successfully state a claim."

II. Qualified Immunity

The defendants also move to dismiss plaintiff's retaliation claims on the basis of qualified immunity. "Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Henderson v. Munn, 439 F.3d 497, 501 (8th

2

Cir. 2006) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." Howard v. Kansas City Police Dep't, 570 F.3d 984, 988 (8th Cir. 2009). To prevail on a motion to dismiss a complaint based on qualified immunity, a defendant must show he "is entitled to qualified immunity on the face of the complaint." Mathers v. Wright, 636 F.3d 396, 399 (8th Cir. 2011) (cited case omitted).

Jomp asserts he is entitled to qualified immunity because plaintiff cannot show that Jomp violated his constitutional rights by issuing plaintiff a conduct violation, as plaintiff's allegations are conclusory and the conduct violation was issued for an actual violation of a prison rule. Jomp's argument is that it is impossible for plaintiff to show a violation of a clearly established constitutional right because he fails to state a claim. Jomp's argument fails because it does not recognize that the Eighth Circuit held plaintiff's complaint successfully states a claim against him for retaliatory issuance of a conduct violation.

The other defendants assert they are entitled to qualified immunity because plaintiff cannot show they violated his constitutional rights by transferring him in retaliation for protected activity, because (1) plaintiff's claims are moot, (2) plaintiff's allegations are conclusory, (3) plaintiff fails to sufficiently allege each defendant's personal involvement, and (4) plaintiff fails to allege a cognizable adverse action. These defendants argue that because plaintiff fails to state a claim of retaliatory transfer, he cannot show a violation of a clearly established constitutional right. These defendants also fail to recognize that the Eighth Circuit has held plaintiff's complaint successfully states a claim against them for retaliatory transfer.

Defendant Jomp argues even if he "*did* somehow violate Plaintiff's rights by issuing the conduct violation, qualified immunity would still apply because a reasonable person would not have known [his] actions might be unlawful." Mem. Supp. Jomp Mot. Dismiss at 11. All of the defendants support their qualified immunity argument with the generalized assertion that "in prison cases, courts routinely defer to the judgment of prison officials." Id.*;* Mem. Supp. Mot. Dismiss at 18.

It is well settled that a prisoner has a First Amendment right to petition the government to redress his grievances, and prison officials are precluded from penalizing a prisoner for exercising those rights. See Nelson v. Shuffman, 603 F.3d 439, 449-50 (8th Cir. 2010). Further, an action by a prison official "in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (quotation and citations omitted).

In this case, plaintiff's constitutional right to seek redress for his prison grievances was clearly established at the time the alleged incidents of retaliation took place. Viewing plaintiff's allegations as true and in a light most favorable to him, the Court concludes that a reasonable prison official would have known his or her actions constituted a violation of plaintiff's First Amendment rights. Accordingly, defendants fail to meet their burden to show that they are entitled to qualified immunity on the face of the complaint, and their motions to dismiss based on qualified immunity will be denied.

III.     Alternative Motion to Strike

Finally, defendants Ellerbeck, Hinkle, Lucas, Steele, and Stadt ask the Court to "strike all 'redundant, immaterial [or] impertinent' allegations in Plaintiff's Second Amended Complaint" pursuant to Rule 12(f), Fed. R. Civ. P., if their motion to dismiss is not granted. Mot. Dismiss at 1.

> Rule 12(f) provides the court a means to remove material from a pleading that it finds "redundant, immaterial, impertinent, or scandalous" or defenses that it finds legally insufficient. The function of the motion is to avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing with those issues prior to trial. To prevail on [a] motion to strike, the movant must clearly show that the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants."

2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2016). "Striking a party's pleading . . . is an extreme and disfavored measure." BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).

Defendants do not identify the specific allegations of the complaint that they challenge, and the Court notes that the Eighth Circuit described the surviving allegations of plaintiff's complaint as follows:

> Davis's complaint was long, detailed, and named numerous defendants. However, the details were related to the incidents out of which his claims arose, and the claims were clearly stated, easily understood, and sufficiently placed each defendant on notice of the nature of the claims against him. . . . . In addition, Davis substantially shortened the complaint in an effort to comply with the court's directive.

Davis, 2016 WL 6595969, at *1. Defendants fail to show that the unspecified allegations they challenge can have no bearing on the litigation or that they will be prejudiced thereby. Defendants' alternative motion to strike is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motions to dismiss are **DENIED**. [Docs. 42, 69, 77]

**IT IS FURTHER ORDERED** that defendants' Ellerbeck, Hinkle, Lucas, Steele, and Stadt's alternative motion to strike is **DENIED**. [Docs. 42, 69]

**IT IS FURTHER ORDERED** that the defendants shall file their answers to plaintiff's Second Amended Complaint within the time permitted by Federal Rule of Civil Procedure 12(a)(4).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete from the record plaintiff's Surresponse (titled "Surreply") for filing error, as it was filed without leave of Court. [Doc. 88]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of April, 2017.