UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK P. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-229 CAS |
| | ) | |
| JOHN JOMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff's motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the

claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

Having considered the relevant criteria, the Court finds that appointment of counsel is not mandated at this time. The record does not support the need for appointment of counsel at this early stage of the case where no case management order has been issued or discovery begun, as there is no indication of conflicting testimony, factual complexity, or that plaintiff is unable to investigate or present his case. Plaintiff has filed articulate pleadings which indicate he is capable of clear expression and appropriate organization of content–although the pleadings are too long and include too much detail–and the Court concludes it would not be aided at this time by the appointment of counsel. Therefore, the Court will deny plaintiff's motion for appointment of counsel without prejudice. Plaintiff may file another motion for appointment of counsel at a later time, and the Court may also reconsider the matter on its own motion at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 45]

	**CHARLES A. SHAW**
	**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of April, 2017.