UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-229 CAS |
| ) | |
| JOHN JOMP, et al., ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Frederick P. Davis's Motion for Preliminary Injunction. Defendants Ellerbeck and Steele oppose the motion and it is fully briefed. The motion will be denied for the following reasons.

*I. Background*

Plaintiff alleges that in retaliation for filing this lawsuit, defendants Gayle Ellerbeck and Troy Steele transferred him to a segregation unit and caused him to be placed in a cell with a "chronic chain smoker." Plaintiff says that second-hand smoke, or environmental tobacco smoke ("ETS"), is dangerous and can cause diseases like emphysema. He also complains that the unit is very loud and that he cannot sleep. Plaintiff is recovered or is recovering from Guillan-Barre Syndrome, and he says he is very sensitive to noise. As a result, he has difficulty sleeping and is sleep deprived. Plaintiff claims that he is "on the brink of needing to take medications to induce sleep." He is seeking an order from the Court requiring Steele to move him back to his former cell with his former cellmate, who is a non-smoker.

*II. Legal Standard*

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the Dataphase factors." Id.

*III. Discussion*

    1.    Irreparable Harm

A claim of exposure to ETS is properly analyzed under the Eighth Amendment for deliberate indifference to serious medical needs. See Helling v. McKinney, 509 U.S. 25, 35 (1993). "To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999).

In this case, plaintiff has not alleged that he suffers from a serious medical need with regard to either his exposure to ETS or his sleep deprivation. His complaints about ETS relate to the possibility of future harm. And he claims that he is "on the brink of needing to take medications to induce sleep." Plaintiff does not allege that he has requested to see a physician about his claims. Nor does he allege that defendants have prevented him from seeing one. As a result, plaintiff has not shown that he is subject to irreparable harm or that defendants were deliberately indifferent to his serious medical needs. Defendants prevail on this factor.

2. Potential Harm to Defendants and Public Interest

"[I]t is not the role of federal courts to micro-manage state prisons." Hosna v. Groose, 80 F.3d 298, 303 (8th Cir. 1996). The United States Supreme Court has explained the reasons for the federal courts' traditional deference to state prison authorities as follows:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism. *Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities*.

Procunier v. Martinez, 416 U.S. 396, 404-05 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401, 109 (1989) (footnotes omitted; emphasis added).

"It is well established that prisoners have only narrowly defined liberty interests, for imprisonment necessarily retracts many of the liberties of the free. Among the liberties which prisoners do not enjoy is choice of cells. Transfer within the prison, or to another prison, is within the discretion of prison officials." Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984) (citations omitted).

Both the public interest and the potential harm to defendants' ability to effectively perform their administrative duties, including maintaining the safety of the institution, militate against the Court's interference with determining the proper housing unit for plaintiff.

3

Furthermore, this Court is required to give deference to state prison officials' decisions. Defendants prevail on this factor.

    3.    Likelihood of Success

Success on the merits is the most important of the four factors. Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 706 (8th Cir. 2011). Plaintiff cannot show a likelihood of success on the merits because his allegations regarding exposure to ETS and sleep deprivation contained in the motion for preliminary injunction are different from the claims raised and the relief requested in the underlying complaint. Therefore, the Court will not review these claims on the merits. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (courts cannot issue injunction where the requested relief does not relate to the conduct asserted in the complaint). Defendants prevail on this factor.

For these reasons, plaintiff's motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Preliminary Injunction is **DENIED**. [Doc. 47]

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this 25th day of April, 2017.