# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-229 CAS |
| JOHN JOMP, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' motions to compel and other discovery-related motions.

A.  <u>Defendants' Motion to Compel</u> (Doc. 113)

This motion seeks to compel plaintiff to answer each of defendants' interrogatories in compliance with the Federal Rules of Civil Procedure. Defendants assert that plaintiff has not provided complete answers to their interrogatories and instead merely refers them to his complaint and exhibits for a number of the interrogatories, and provides unresponsive information for others. Defendants also assert that plaintiff's blanket and nonspecific objections to certain interrogatories should be denied. The Court will deny this motion as moot, without prejudice, as defendants have filed a motion for summary judgment.

B.  <u>Plaintiff's Motion to Compel Discovery</u> (Doc. 116)

Plaintiff seeks to compel defendants to produce all documents, computer data, and surveillance video listed on defendant's Privilege Log. Plaintiff seeks copies of all staff-to-staff communications, including inter-office communications, memos, emails and any other documents, created by any defendant or Missouri Department of Corrections ("DOC") employee concerning all

IRRs, Offender Grievances and Offender Grievance Appeals filed by plaintiff "regarding the allegations in Plaintiff's lawsuit." (Doc. 116-1 at 2.) Plaintiff asserts that the surveillance video will show that defendant Jomp did not examine plaintiff's cell door on April 29, 2015, and that other records and documents will reveal the conduct violation was written before defendant Jomp alleged that the violation took place. Plaintiff asserts that computer data will show exactly when defendant Jomp logged into the computer and started writing the false conduct violation and what time he logged off, to establish that Jomp began writing the conduct violation before the time Jomp alleged in the conduct violation report that the violation began. Plaintiff contends the documents are relevant because defendants have stated that decisions and actions toward plaintiff were based on staff-to-staff communications cited in the Privilege Log. Plaintiff denies that there are any safety and security issues concerning these documents, and that defendants cite "statute and privilege simply to conceal evidence that will support the factual allegations in Plaintiff's second amended complaint." (Doc. 116-1 at 4.) Plaintiff also seeks the production of a letter written by plaintiff's former attorney Kent Gipson to defendant Steele.

1. Surveillance Video

With respect to the surveillance video, defendants state that plaintiff cannot pursue a motion to compel because he has not attempted to resolve that dispute with them directly, as required by Local Rule 3.04 and Rule 37(a)(1), Fed. R. Civ. P., because the two letters he sent to defendants' counsel concerning discovery did not mention the surveillance video. In addition, defendants state that they investigated the request and determined they do not have any surveillance video responsive to the request.

The Court finds that plaintiff cannot pursue the issue of surveillance video because he did not engage in the required good-faith attempt to resolve it. See Federal Rule of Civil Procedure

2

37(a)(1); E.D. Mo. Local Rule 3.04(A). Further, defendants have stated there is no video responsive to this request. This portion of plaintiff's motion to compel is denied.

### 2. Computer System Information

As to the computer system information, defendants state that plaintiff cannot pursue a motion to compel as he has not attempted to resolve the dispute with them directly, as required by Local Rule 3.04 and Rule 37(a)(1), Fed. R. Civ. P., because the two letters he sent to defendants' counsel concerning discovery did not mention the computer information. In addition, defendants state that the information plaintiff seeks – a printout showing when Jomp began writing the conduct violation – does not exist, because while it is possible to determine when a staff member logs on and out of their computer, and to determine who has made a log entry in the prison's AS/400 system, it is not possible to determine when a log entry was started.

The Court finds that plaintiff cannot pursue the issue of computer system information because he did not engage in the required good-faith attempt to resolve it. Further, defendants have stated that the critical information plaintiff asserts that he seeks – the time defendant Jomp began writing the allegedly false conduct violation – is not among the data stored by the computer system. This aspect of plaintiff's motion to compel is denied.

### 3. Documents Related to Plaintiff's Inmate Grievances

Defendants respond that they have produced to plaintiff hundreds of pages of records related to his inmate grievances, and state that plaintiff already possesses many of these documents as he has filed them as exhibits in this case. Defendants object to the production of DOC inter-office communications gathered as part of the grievance officer's investigations into the allegations in plaintiff's grievances, on the basis that prisoners are prohibited from possessing documents related to investigations because they implicate safety and security concerns of the institution. In addition,

3

defendants cite Section 217.075, Mo. Rev. Stat. (2010), as providing that records in an offender's file related to institutional security are considered to be closed records. Defendants further state, however, that they "do not necessarily object to plaintiff reviewing *relevant* inter-office communications," (Doc. 119 at 2), although they assert that plaintiff's request for grievance documents "regarding the allegations in Plaintiff's lawsuit" is overbroad and seeks irrelevant information as most of the claims and defendants have been dismissed from the case.

To the extent defendants contend that Mo. Rev. Stat. § 217.075 or an internal policy forbids them to produce certain materials to inmates who proceed pro se, the Court has authority under the federal rules to order discovery for good cause. Ward v. Smith, 721 F.3d 940, 943 (8th Cir. 2013) (per curiam). Nonetheless, the Court is receptive to defendants' stated concern about producing sensitive information in this case, and it concurs that plaintiff's request for grievance documents "regarding the allegations in Plaintiff's lawsuit" is overbroad.

With these considerations in mind, the Court will grant plaintiff's motion to compel to the extent defendants will be ordered to provide the documents listed on their privilege log to the Court for *in camera* inspection. This ruling also applies to plaintiff's request for production of any and all documents and statements relating to his grievance ERDCC 15-02374.[1] Defendants will also be ordered to file with the Court a list of the documents on the privilege log they believe are relevant to plaintiff's remaining claims. If the Court determines on *in camera* review that any of the documents listed on the defendants' privilege log should be made available to plaintiff before the

---

[1]Plaintiff's requests for production seek "any and all documents created by any Defendant, and any ERDCC staff member or any MODOC employee or official regarding or referencing the conduct violation No. ERDCC 15-02374, Defendant Jomp and Sgt. Evans gave the Plaintiff on April 29, 2015." [Doc. 116-1, ¶ 7], and a "copy of any and all statements given by Sergeant Evans to Defendant Lucas regarding the false conduct violation No. ERDCC 15-02374 issued to Plaintiff by Defendant Jomp on April 29, 2015." [Doc. 116-1, ¶ 9].

4

Court rules on defendants' summary judgment motion, it will issue an appropriate order to that effect.

    4. Letter from Attorney Gipson to Defendant Steele

With respect to plaintiff's assertion that defendants have not produced a copy of a letter purportedly faxed to defendant Steele from his post-conviction attorney Kent Gipson, defendants respond that they have been unable to find such a letter and state that if such a letter exists, plaintiff should be able to obtain it from Mr. Gipson. The Court finds that defendants have adequately responded to this request, and this portion of plaintiff's motion to compel will be denied.

C.    Plaintiff's Motion for the Court to Review In ("Camera") Documents Listed on Defendants' Privilege Log and Documents from Computer (AS 400) (Doc. 150)

This motion is moot, as the Court's ruling on plaintiff's Motion to Compel (Doc. 116) orders defendants to submit the documents on their privilege log for *in camera* review and denies plaintiff's discovery request as to the computer system.

D.    Plaintiff's Supplemental Motion Request for Relevant Discovery Documents on Defendants' Privilege Log and Request the Court Deny Defendants' Motion for Summary Judgment or at Least Stay it Until Plaintiff Has Had the Opportunity to Properly Inspect These Material Documents and Obtain Copies to Properly Oppose Defendants' Summary Judgment Motion (Doc. 151)

Plaintiff moves for an order directing the defendants to submit to him for inspection and copying all of the documents on defendants' privilege log. Plaintiff also asks the Court to deny defendants' motion for summary judgment, or stay its ruling on the motion until plaintiff has had the opportunity to obtain copies of the documents to "properly oppose defendants' summary judgment motion." Plaintiff makes the conclusory assertion that "these relevant documents will in fact aid the Plaintiff to properly and effectively oppose the defendants' summary judgement motion,

5

where documents will provide direct and circumstantial evidence for Plaintiff's opposition memorandum." (Doc. 151 at 4.)

Plaintiff's motion is supported by his Declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, which states that he cannot "support or prove my claim in my sworn second amended complain[t] without the discovery documents" on the defendants' privilege log, and that he cannot oppose defendants' summary judgment motion "without being allowed to complete my discovery and without the (memos, e-mails, inter-office communications - grievance response by staff) listed" on the privilege log. (Doc. 151-1 at 2-3.)

Defendants respond that plaintiff's motion to deny or stay their motion for summary judgment should be denied, because defendants have demonstrated in their summary judgment motion and statement of uncontroverted material facts several reasons why plaintiff's claims should be dismissed based upon facts that are undisputed.

In his reply, plaintiff asks that if the Court denies the motion, he be granted fifteen days from the date of denial to respond to defendants' summary judgment motion.

The Court will deny this motion, as defendants will be ordered to submit the documents listed on their privilege log for *in camera* review. The Court also notes that plaintiff filed his response to defendants' summary judgment motion and statement of uncontroverted material facts, together with over 250 pages of exhibits (Docs. 162, 164).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel is **DENIED as moot**, without prejudice. [Doc. 113]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery is **GRANTED in part** and **DENIED in part**; the motion to compel is **GRANTED** to the extent that defendants

shall provide the documents listed on their privilege log to the Court for *in camera* inspection as soon as possible. Defendants shall also file a Response to Court that identifies which documents listed on the privilege log defendants believe are relevant to plaintiff's remaining claims in this action, and which they believe are not relevant; the motion to compel is **DENIED** in all other respects. [Doc. 116]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Review In ("Camera") Documents Listed on Defendants' Privilege Log and Documents from Computer (AS 400) is **DENIED as moot**. [Doc. 150]

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion Request for Relevant Discovery Documents on Defendants' Privilege Log and Request the Court Deny Defendants' Motion for Summary Judgment or at Least Stay it Until Plaintiff Has Had the Opportunity to Properly Inspect These Material Documents and Obtain Copies to Properly Oppose Defendants' Summary Judgment Motion is **DENIED**. [Doc. 151]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of August, 2018.