UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-229 CAS |
| JOHN JOMP, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pretrial motions filed by plaintiff Frederick P. Davis.

A.  Plaintiff's Motion for Injunction Relief (Doc. 109)

This motion alleges that several individuals, including nonparties, have denied plaintiff "extra law library time" and "refused to make necessary legal copies of documents and case law related to this case," and seeks an order requiring that plaintiff be allowed extra library time and copies.

In determining whether to issue injunctive relief, the Court must consider the following four factors:

(i) The threat of irreparable harm to the movant;

(ii) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(iii) the probability that movant will succeed on the merits; and

(iv) the public interest.

Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Here, plaintiff's motion for injunctive relief related to extra law library time and copies is based on entirely different allegations than his claims in this action. Plaintiff's Second Amended Complaint alleges that the defendants retaliated him against for filing complaints and grievances by engaging in the following actions: (1) defendant Jomp issued him a false conduct violation, (2) defendants Ellerbeck, Hinkle, Jomp, Lucas, and Stadt transferred him to a less favorable housing unit, and (3) defendant Steele threatened to limit his access to the prison grievance process.

Plaintiff cannot establish the necessary relationship between the injury alleged in the motion for injunctive relief and the conduct asserted in the complaint. As a result, plaintiff's allegations cannot provide the basis for a preliminary injunction in the suit before the Court. This motion will be denied.

B.     <u>Motion Fraud in This Judicial Proceeding and Attempt to Commit Fraud on the Court and Requested Sanctions</u> (Doc. 115)

In this motion, plaintiff alleges that defendants' counsel has committed fraud on the Court by producing to plaintiff in response to his discovery requests (1) a photocopy of the face towel that was allegedly in the door of plaintiff's cell (Bates Nos. 0659-0600), and (2) redacted photocopies

of defendant Jomp's handwritten notes that were made in a small notebook (Bates Nos. 0726-0739). Plaintiff states that he never requested these items in discovery and alleges that they are fake, were created by defendants or their counsel for "unethical and improper purposes," and are fraudulent. Plaintiff contends that ERDCC's Custodian of Grievance Records, Timothy McFarland, created the documents at the request of defendants and their counsel.

Plaintiff states that he made multiple requests to the prison librarian and other staff to obtain a photocopy of the towel in order to present evidence to effectively challenge a false conduct violation, all of which were denied, and therefore asserts that the towel was "never copied." Plaintiff asserts that the towel was not confiscated and has never been out of the possession of its owner, inmate Paul Cote, and therefore it is impossible for any prison official to produce a copy of the document. Plaintiff asserts that the towel photocopy has never been a part of his grievance files or ERDCC records, and was created to "manipulate the evidence in this lawsuit in favor of the defendants were (sic) no evidence existed to support their defense." (Doc. 124-1 at 2.)

As to the Jomp notebook copies, plaintiff denies that the notebook pages could be considered "memos" and states they are therefore not responsive to his discovery requests. Plaintiff also asserts that the notebook copies should not have been redacted because the notebook is not a part of MODOC records or files. Finally, plaintiff asserts that the notebook copies have not been properly authenticated. Plaintiff contends the notebook copies were fraudulently created to "support the bald and false statements made by the defendants' regard[ing] the retaliatory conduct violation (ERDCC15-02374) issued to the Plaintiff on April 29, 2015 by Defendant Jomp." (Doc. 115 at 5.)

Defendant responds that the towel photocopy was produced in the normal course of discovery in response to plaintiff's Second Request for Production of Documents, in which plaintiff requested documents relating to eighteen (18) inmate grievances he has filed at Eastern Reception

3

Diagnostic and Correctional Center ("ERDCC"). Defendant states that the photocopy of the towel was contained in the grievance files concerning inmate grievances 15-1089 and 15-1178, and was produced to plaintiff in defendant's Supplemental Responses to plaintiff's Second Request for Production of Documents. Defendant states that the notebook photocopies were produced as potentially responsive to three of plaintiff's document requests (Request Nos. 23, 39, and 55), which sought "[a]ll statements from . . . any . . . ERDCC staff member relied on or related to IRR complaint No. ERDCC-15-1198" (Request No. 23); "[a]ny and all documents created by any ERDCC staff member or other MODOC employee or official regarding or referencing the conduct violation defendants Jomp and Evans gave the Plaintiff on April 29, 2015" (Request No. 39); and "any and all memos, IOCs, email and inter office communications that are referencing and concerning the false conduct report Defendant Jomp issued Davis on April 29, 2015" (Request No. 55).

The Court finds there is no evidence to support plaintiff's suppositions and allegations that the photocopies at issue are "fake" or were created to bolster the defendants' case. There is no dispute in this case that a face towel was in the door of plaintiff's cell, and that plaintiff unsuccessfully sought on several occasions to have a photocopy of the towel made. The fact that plaintiff was not permitted by MODOC staff to make a photocopy of the towel does not prove that no copy of the towel was ever made during the disciplinary process. Nor does plaintiff explain why he repeatedly sought to obtain a copy of the towel to bolster his case, but contends that defendants' photocopy of the towel is an attempt to manufacture evidence to damage his case.

The photocopies at issue are supported by the Affidavit of ERDCC's Custodian of Grievance Records, which states that the thirty-four (34) pages of records attached thereto are "the original or exact duplicate of the original" of Grievances ERDCC 15-1089 and ERDCC 15-1178. Both

4

photocopies arguably fall within the scope of plaintiff's broad and extensive discovery requests. Plaintiff's suppositions and accusations in the motion are entirely meritless, and this motion will be denied.

C.  Plaintiff's Motion for Extension of Time to File Responses to the Defendants' Motion to Compel and Reply to Plaintiff's Fraud Complaint if the Court Denies Plaintiff's Motion for Reconsideration (Doc. 135)

This motion will be denied as moot. By Order of October 12, 2017 (Doc. 126), the Court granted plaintiff's motion for leave to file out of time (Doc. 121) his response to the defendants' motion to compel, which was docketed as Document No. 122. Plaintiff subsequently filed a second response to defendants' motion to compel, which was docketed as Document No. 137. Plaintiff has fully responded to defendants' motion to compel, and therefore no additional time to do so is warranted. In addition, the Court has denied defendants' motion to compel as moot, by separate order of this date.

The Order of October 12, 2017 also granted plaintiff's motion for leave to file out of time (Doc. 123) his reply in support of his Motion Fraud in This Judicial Proceeding and Attempt to Commit Fraud on the Court and Requested Sanctions Fraud Motion. Plaintiff's Reply was docketed as Document No. 124. Plaintiff later filed a surreply, titled Plaintiff's Reply to Defendants' Response to Plaintiff Fraud Complaint, which was docketed as Document No. 142. Plaintiff has fully replied in support of his motion, and therefore no additional time to do so is warranted. Further, the Court has determined that plaintiff's motion alleging fraud in this judicial proceeding is without merit and will be denied. The instant motion will be denied as well.

D.  Plaintiff's Motion for Reconsideration Pursuant to Rule 60(b) (Doc. 134)

Plaintiff moves the Court to reconsider (1) its Order which stated the Court would not consider plaintiff's additional arguments contained in a motion for leave that went beyond the

motion, response, and reply permitted by Local Rules 4.01(A)-(C) (Doc. 126), and (2) its Order denying plaintiff free copies of documents and exhibits he filed in this matter (Doc. 127). With respect to the first point, plaintiff appears to believe he has not been permitted to file a response to each motion filed by defendants, or to file a reply in support of each of his motions. This is incorrect and plaintiff's motion for reconsideration is denied. The motion for reconsideration is also denied with respect to free copies, for the reasons stated in the Court's Order (Doc. 127).

E.  Plaintiff's Motion Request for the Exhibits Submitted with the Plaintiff's Motion for Leave (Doc. 121) be Attached to the Plaintiff's Filed Response to Defendants' Motion to Compel (Doc. 141)

This motion will be granted. The documents plaintiff refers to have been attached as exhibits to Document 122.

F.  Plaintiff's Motion to Strike Documents Defendants Have Used in Support of Their Summary Judgment Motion for Failure to Comply with Discovery Rules (Doc. 154)

Plaintiff moves to strike defendants' summary judgment Exhibit G, the Affidavit of Sandra Boylan, on the basis that defendants did not disclose during discovery any documents identifying Ms. Boylan as a witness or potential witness in this case. Plaintiff states that as a result, he has not had any opportunity to obtain evidence to defend against and oppose the false statements made in her affidavit. Plaintiff also moves to strike defendants' summary judgment Exhibit C, the Offender Housing Unit History for Paul Cote #1050010, on the basis that this document was not submitted to plaintiff during discovery. Plaintiff notes that the defendants deposed Paul Cote.

Defendants respond that plaintiff's motion is with merit. As to the Boylan Affidavit, defendants state that it is cited in support of their Uncontroverted Material Fact No. 6, which states, "On April 29, 2015, there was a cloth wedged between the door and the door frame of cell A217 in Housing Unit 3." Defendants state that this fact is not in dispute and is supported by five other cited

6

sources, but plaintiff nonetheless seeks to strike the Boylan Affidavit. Responding to plaintiff's arguments, defendants state that both plaintiff and defendants disclosed Boylan, who was formerly a defendant in this case, in their initial disclosures pursuant to the Case Management Order. Defendants respond that plaintiff's claim Boylan was not disclosed as a witness is baseless because this case has not yet been set for trial and there has been no order for defendants to file a witness list. Finally, defendants state that Boylan is referenced throughout plaintiff's Second Amended Complaint and in the conduct violation at issue in this lawsuit, and therefore plaintiff should have recognized that Boylan was a witness to certain relevant events and likely had discoverable information.

Plaintiff's motion to strike Boylan's affidavit will be denied as without merit for the reasons stated by defendants.

Defendants state that Exhibit C, inmate Paul Cote's Offender Housing History, was provided to support their Uncontroverted Statement of Material Fact No. 5, which states, "Paul Cote, Inmate #1050010, was assigned to cell A217 in Housing Unit 3 from October 31, 2014 to February 17, 2016." Defendants assert it has never been disputed in this case that Paul Cote was plaintiff's cell mate during the time in question, and the Second Amended Complaint and numerous of plaintiff's grievance documents mention Mr. Cote, who submitted a witness statement and affidavit in this case.

Defendants respond that plaintiff's claim they failed to comply with Rule 26 initial disclosures with respect to Mr. Cote's housing history fails pursuant to the Case Management Order of May 9, 2017 (Doc. 94), which states in pertinent part, "Defendants need not produce individual files of other prisoners who are not parties to the action." (Doc. 94 at 2, ¶ 3(D).) Defendants also state that plaintiff's contention Mr. Cote's housing history should have been turned over in

7

discovery is without merit, because plaintiff has not identified any discovery request sent to defendants that might have called for them to produce the document.

Plaintiff's motion to strike defendants' Exhibit C, Paul Cote's Offender Housing History, will be denied as it is merit for the reasons stated by defendants.

G. <u>Plaintiff's Motion to Strike Documents Defendants Have Used in Support of Their Summary Judgment Motion For Failure to Comply with Discovery Rules</u> (Doc. 156)

Plaintiff moves to strike defendants' summary judgment Exhibit A, Grievance Summary for Frederick Davis, on the basis that defendants failed to submit this document to plaintiff during discovery. Plaintiff asserts that Exhibit A should be stricken because defendants did not comply with discovery disclosure rules.

Defendants respond that plaintiff's arguments are incorrect for multiple reasons. First, defendants state that plaintiff's contention this document was not disclosed to him is incorrect. Defendants' disclosures to plaintiff identified "Plaintiff's Informal Resolution Requests, Grievances, Grievance Appeals, Missouri DOC's Responses, and related documents." Defendants also identified "documents stored in the Grievance Management System." Defendants' Exhibit A states at the top of the page, in relevant part: "Grievance Management System." (Doc. 145-1.)

Second, defendants respond that plaintiff's reliance on the initial disclosure provisions of Rule 26 is misplaced, as the Rule states that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is "exempt from initial disclosure." Rule 26(a)(1)(B)(iv), Fed. R. Civ. P. Thus, plaintiff's assertion that defendants have failed to satisfy "disclosure rules" is baseless. Defendants assert that the Case Management Order (Doc. 94) governs the parties' disclosures, and it required defendants to disclose "documents which are relevant to the facts giving rise to plaintiff's claim." (Doc. 94 at 2.) Defendants state that because Exhibit A is not

a document relevant to the facts "giving rise to plaintiff's claim," the Case Management Order did not require them to disclose it.

Finally, defendants state that the claim they failed to turn over Exhibit A during discovery is also without merit, as plaintiff has failed to identify any discovery request sent to defendants that might have called for them to produce this document.

Plaintiff's motion to strike defendants' Exhibit A will be denied, for the reasons stated by defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Injunction Relief is **DENIED**. [Doc. 109]

**IT IS FURTHER ORDERED** that Plaintiff's Pro Se Motion Fraud in This Judicial Proceeding and Attempt to Commit Fraud on the Court and Requested Sanctions is **DENIED**. [Doc. 115]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Responses to the Defendants' Motion to Compel and Reply to Plaintiff's Fraud Complaint if the Court Denies Plaintiff's Motion for Reconsideration is **DENIED**. [Doc. 135]

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration pursuant to Rule 60(b) is **DENIED**. [Doc. 134]

**IT IS FURTHER ORDERED** that Plaintiff's Motion Request for the Exhibits Submitted with the Plaintiff's Motion for Leave (Doc. 121) be Attached to the Plaintiff's Filed Response to Defendants' Motion to Compel is **GRANTED**. [Doc. 141]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Documents Defendants Have Used in Support of Their Summary Judgment Motion for Failure to Comply with Discovery Rules (Boylan Affidavit and Cote Housing History) is **DENIED**. [Doc. 154]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Documents Defendants Have Used in Support of Their Summary Judgment Motion For Failure to Comply with Discovery Rules (Davis Grievance Summary) is **DENIED**. [Doc. 156]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of August, 2018.